IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT PAYNE,** | : | |
|    Petitioner | : | |
| | : | No. 1:22-cv-00471 |
| v. | : | |
| | : | (Judge Rambo) |
| **STEPHEN SPAULDING,** | : | |
|    Respondent | : | |

## MEMORANDUM

Pending before the Court is pro se Petitioner Robert Payne ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). For the reasons set forth below, the petition will be dismissed without prejudice as moot.

**I.  BACKGROUND**

On March 28, 2022, Petitioner, a former federal inmate incarcerated at the Satellite Prison Camp located at the United States Penitentiary in Lewisburg, Pennsylvania, commenced the above-captioned action by filing a Section 2241 petition, challenging the computation of his federal sentence. (Doc. No. 1.) More specifically, Petitioner contends that the Federal Bureau of Prisons ("BOP") refuses to apply First Step Act time credits to his sentence. (Id. at 6.) Petitioner further contends that his due process and equal protection rights are being violated and that he is entitled to three-hundred and seventy-five (375) days of credit, which would

provide him with an immediate release date. (Id. at 6-7.) As for relief, Petitioner requests that the Court order the BOP to apply this credit to his sentence so that he can be immediately released from custody. (Id. at 7.)

On April 20, 2022, the Court, inter alia, deemed the petition filed and directed service of the petition on Respondent. (Doc. No. 5.) On May 9, 2022, Respondent filed a response to the petition, arguing that Petitioner failed to exhaust his administrative remedies before filing his petition in federal court and that, alternatively, his petition is without merit, as he has been credited with the First Step Act time credits to which he is entitled. (Doc. No. 7.)

The Court has since reviewed the BOP inmate locator, which reveals that Petitioner was released from federal custody on January 9, 2023. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Petitioner, having a "Register Number" of "25888-052," was "Released On: 01/09/2023." See id.

## II.    DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of

the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" see id. (citations omitted), or sentence, see Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that

3

reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on January 9, 2023, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. See id. Here, however, Petitioner has not stated, much less demonstrated to the Court, that he suffers from any secondary or collateral consequences. Thus, the Court finds that Petitioner has not proven collateral consequences of his sentence. As a result, his petition is moot.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot. An appropriate Order follows.

Dated: May 1, 2023                                       s/ Sylvia H. Rambo
                                                         SYLVIA H. RAMBO
                                                         United States District Judge